**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

                             Plaintiff,

                                                   DECISION and ORDER

-vs-

                                                     16-CR-6107 CJS

JUAN SAMPEL,

                             Defendant.

_____

This case was referred by text order of the undersigned, docketed November 3, 2016, to Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), ECF No. 124. On August 31, 2017, Defendant filed an omnibus motion, ECF No. 152, seeking various forms of relief, including: a *Franks* hearing; suppression of wiretap evidence generally and specifically communications intercepted over Target Telephone Two; suppression of identification testimony; suppression of statements; suppression of GPS tracking device evidence on a 2006 Nissan Pathfinder; suppression of tangible evidence obtained from 4 Bru Mar Drive. Regarding Defendant's application to suppress identification testimony, an evidentiary hearing was held before Magistrate Judge Payson on November 6, 2017, ECF No. 162, and a transcript of the proceeding was filed on November 13, 2017, ECF No. 163. On December 21, 2017, Magistrate Judge Payson filed a Report and Recommendation ("R&R"), ECF No. 166, recommending that Defendant's application for a *Franks* hearing be denied; his application to suppress all wiretap evidence be denied; his application to suppress identification testimony be denied; his

application to suppress statements be denied as moot; and his application to suppress tangible evidence obtained from 4 Bru Mar Drive be denied. On January 24, 2018, Defendant filed timely objections to those portions of Magistrate Judge Payson's R&R wherein she recommended that the application for a *Franks* hearing be denied; that the application to suppress tangible evidence seized from 4 Bru Mar be denied; and that the application to suppress GPS tracking device evidence on a 2006 Nissan Pathfinder be denied.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. Upon a *de novo* review of the R&R, ECF No. 162, and the transcript of the evidentiary hearing including the exhibit received, ECF No. 163, the Court accepts Magistrate Judge Payson's proposed findings and recommendations. As to Magistrate Judge Payson's recommendation that a *Franks* hearing be denied, Defendant maintains, among other things, that she " found incorrectly that the defendant provided no information that he was no longer involved in the business" (referring to the insurance business at 1038 Lyell Ave.) Objections to the Magistrate Judge's Report and Recommendation, p.6. In making this argument, Defendant suggests that Magistrate Judge Payson ignored paperwork dated February 1, 2014, which he submitted, showing that Mariam Rivera had filed for an agency agreement between herself and Farmers Insurance. However, in her R&R, Magistrate Judge Payson found that "[a]lthough the Agent Appointment Agreement with the Farmers Insurance Company identified only Miriam Rivera and not Juan Sampel, defendant has offered no evidence suggesting that Juan Sampel was no longer involved in the business." R&R, p. 38. Moreover, the Court agrees with Magistrate Judge Payson that the challenged statement

in the warrant pertaining to the ownership of Farmers Insurance at 1038 Lyell Avenue, which is the basis of Defendant's request for a *Franks* hearing, "was not material to the probable cause determinations for each warrant." R&R, p. 39.

> Although I find sufficient probable cause existed for each warrant at issue in this case, nothing in the record supports a suggestion that the issuing judges were knowingly misled or abandoned their judicial roles in authorizing the challenged warrants. Further, for the reasons explained *supra*, the applications cannot be said to be so lacking in indicia of probable cause that the agents' reliance upon them was unreasonable. Accordingly, the challenged warrants should also be upheld under *United States v. Leon*, 468 U.S. 897 (1987).

R&R, p. 59

Accordingly, for the reasons set forth in Magistrate Judge Payson's R&R, ECF No. 166, Defendant's application for a *Franks* hearing is denied, his application to suppress tangible evidence from 4 Bru Mar Drive is denied, and his application to suppress GPS tracking evidence on a 2006 Nissan Pathfinder is denied.

IT IS SO ORDERED.

Dated: Rochester, New York
February 22, 2018

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge